UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE R.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.:   3:20-cv-1759-AHG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 8]** |

On September 8, 2020, Plaintiff Blake R. ("Plaintiff") brought this action against the Commissioner of Social Security, Andrew Saul, seeking judicial review of the Commissioner's final administrative decision denying his application for Social Security Supplemental Security Income Disability Benefits for lack of disability. ECF No. 1. Along with his Complaint, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF No. 2. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court *sua sponte* screened Plaintiff's complaint to evaluate whether his complaint sufficiently stated a claim upon which relief may be granted, and dismissed Plaintiff's complaint without prejudice as boilerplate and conclusory. ECF No. 6 at 2–5. As such, Plaintiff's motion to proceed IFP was denied as moot without prejudice. *Id.* at 5. Plaintiff timely filed his amended complaint on September 28, 2020. ECF No. 7. Along with the

amended complaint, Plaintiff filed a renewed Motion to Proceed IFP, which the Court examines in this Order. ECF No. 8.

## I. LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $400 civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

## II. DISCUSSION

### A. Motion to Proceed IFP

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

An adequate affidavit should also state supporting facts "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The Court should not grant IFP to an applicant who is "financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984); *see also Alvarez v. Berryhill*, No. 18cv2133-W-BGS, 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018) (noting that courts often reject IFP applications when applicants "can pay the filing fee with acceptable sacrifice to other expenses"). Additionally, courts have discretion to make a factual inquiry and to deny a motion to proceed IFP when the moving party is "unable, or unwilling, to verify their poverty." *McQuade*, 647 F.2d at 940.

Here, Plaintiff states in his affidavit that he has had no income[1] for the last 12 months, and expects to receive $668 in unemployment next month. ECF No. 8 at 1–2. Though he has $5,000 in savings, his affidavit illustrates that his $1,065 in monthly expenses for rent, groceries, and his vehicle of far exceed his expected unemployment income. *Id*. at 2–5. Accordingly, Plaintiff has represented to the Court that his savings goes toward his rent, he has limited sources of income due to the COVID-19 pandemic, and he has no other source of income or valuable assets, other than his vehicle. *Id*. 1–5. Considering the information in the affidavit, the Court finds that Plaintiff has sufficiently shown an inability to pay the $400 filing fee under § 1915(a). *See, e.g.*, *Tuck v. Am. Accounts & Advisors, Inc.*, No. 19cv671-GPC-NLS, 2019 WL 2514733, at *2 (S.D. Cal. June 18, 2019) (granting motion to proceed IFP though plaintiff had a car valued at $5,000,

---

[1] Though Plaintiff states that he has made zero income for the past twelve months, he does note that he worked for Wag from May 2019 to August 2020. ECF No. 8 at 2. However, he left the accompanying gross monthly pay section blank. *See id*. Since he is requesting to proceed IFP, the Court reminds Plaintiff that he had a duty to adequately prove his indigence. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948) ("An applicant need not be completely destitute to proceed IFP, but they must adequately prove their indigence."); *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (noting that an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty."). In this instance, the Court will infer that Plaintiff's $5,000 in cash savings reflects his prior earnings at Wag.

noting that, "because Plaintiff's monthly expenses exceed her monthly income, the Court finds that Plaintiff is unable to pay the filing fee.")

### B. Screening under 28 U.S.C. 1915(e)

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits [under 42 U.S.C. 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez*, 203 F.3d at 1129.

Rule 8 sets forth the federal pleading standard used to determine whether a complaint states a claim upon which relief may be granted. FED. R. CIV. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("[A] complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "detailed factual allegations" are not required, but a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to justify relief). A proper pleading "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted) (referring to FED. R. CIV. P. 8).

For example, in social security cases, "[t]he plaintiff must provide a statement

identifying the basis of the plaintiff's disagreement with the ALJ's determination and must make a showing that he is entitled to relief, 'in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e).'" *Jaime B. v. Saul*, No. 19cv2431-JLB, 2020 WL 1169671, at *2 (S.D. Cal. Mar. 10, 2020) (quoting *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015)). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2.

Having reviewed Plaintiff's Amended Complaint, the Court finds Plaintiff has sufficiently stated a claim upon which relief may be granted. Specifically, Plaintiff appeals the Commissioner's denial of his benefits application on the grounds that: (1) "The ALJ rejected the opinions of both examining physicians (consultative[2] and treating[3]) without providing legally sufficient reasons as required by the Social Security Regulations and case law;" and (2) "There is no substantial evidence in the record to support the Commissioner's finding that plaintiff could perform any substantial gainful activity."[4] ECF No. 7 at 3. The

---

[2] Plaintiff explains that a "psychiatrist conducted a consultative examination [] and opined that [Plaintiff] is markedly limited in his ability to maintain concentration, persistence and pace; adapt to changes in a workplace setting; and cannot manage his own funds[.]" ECF No. 7 at 3.

[3] Plaintiff explains that a "treating psychiatrist provided a functional assessment and opined that [Plaintiff] is markedly limited in his ability to maintain concentration, persistence or pace; and extreme limitation in maintaining social functioning[.]" ECF No. 7 at 3.

[4] Specifically, Plaintiff explains that the ALJ found Plaintiff to have the following work-related limitations: "understand, remember and carry out simple, routine tasks with no interaction with the general public and only occasional work-related, non-personal, non-social interaction with coworkers and supervisors; and is able to perform jobs requiring only simple work-related decisions[.]" ECF No. 7 at 3.

Court finds these allegations sufficiently specific to state a claim for reversal or remand of the Commissioner's decision.

### III. CONCLUSION

Based on the foregoing considerations, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 8).

In accordance with Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), the Court **DIRECTS** the Clerk to issue the summons and to send Plaintiff a blank United States Marshal Service ("USMS") Form 285 along with certified copies of this Order and his Amended Complaint (ECF No. 7). Once Plaintiff receives this "IFP Package," the Court **ORDERS** him to complete the Form 285 and forward all documents in the package to the USMS. Upon receipt, the USMS will serve a copy of the Amended Complaint and summons on Defendant as directed by Plaintiff on the USMS Form 285. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3)

**IT IS SO ORDERED.**

Dated: September 30, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge